UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

**ELECTRONIC COMMUNICATION**
**TECHNOLOGIES, LLC,**

      Plaintiff,

v.

**DOLLAR SHAVE CLUB, INC.**

      Defendant.
_____/

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Electronic Communication Technologies, LLC ("Plaintiff" or "ECT"), by and through its undersigned counsel, brings this complaint for Patent Infringement against Defendant DOLLAR SHAVE CLUB, INC. ("Defendant" or "DSC"), and in support alleges as follows:

**NATURE OF THE LAWSUIT**

1. This is an action for patent infringement by Defendant of: U.S. Pat. No. 9,373,261, invented by Scott A. Horstemeyer, entitled Secure Notification Messaging With User Option to Communicate with Delivery or Pickup Representative issued on June 21, 2016 (the "'261 Patent" attached as **Exhibit A**); U.S. Pat. No. 7,876,239, invented by Scott A. Horstemeyer, entitled Secure Notification Messaging Systems and Methods Using Authentication Indicia issued on January 25, 2011 (the "'239 Patent" attached as **Exhibit B**); and, U.S. Pat. No. 7,319,414, invented by Scott A. Horstemeyer, entitled Secure Notification Messaging Systems and Methods Using Authentication Indicia issued on January 15, 2008 (the "'414 Patent" attached as **Exhibit C**); each arising under the patent laws of the United States. *See,* 35 U.S.C. §§ 1 et seq.

## JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to: 28 U.S.C. § 1331; 28 U.S.C. § 1338; and, 35 U.S.C. § 271.

3. This Court has personal jurisdiction over Defendant pursuant to, *inter alia*, Fla. Stat. § 48.193 (the "Florida Long Arm Statute"), as Defendant: a) operates, conducts, engages in, and carries on business in Florida and/or has an office or agency in Florida; b) has committed one or more tortious acts within Florida; c) and is engaged in substantial and not isolated activity within Florida; and d) has purposely availed itself of the laws, services and/or other benefits of the State of Florida and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

## PLAINTIFF

4. Plaintiff ECT is a Florida Limited Liability Company with a principal place of business located in Boynton Beach, Palm Beach County, Florida.

5. Plaintiff has engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## DEFENDANT

6. On information and belief, Defendant DOLLAR SHAVE CLUB, INC., is a Delaware corporation with a registered agent at THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE, 19801.

## THE '261, '239 and '414 PATENTS

7. Over a decade ago, the escalation of online purchasers and the use of order confirmations and shipment notification messages presented unique problems for online retailers. Online retailers like Defendant were increasingly faced with customer account break-ins, loss of

products that were ordered and shipped to hacker addresses and maybe the most important - the loss of customer's trust.

8. Mr. Horstemeyer innovated many unique solutions to minimize hacker's impacts when mimicking order confirmations and shipment notification emails (the hacker's methods are known as "phishing").

9. More specifically, with respect to the '261, '239 and '414 Patents, Mr. Horstemeyer invented methods and systems to enable online retailers to assist their customers in determining the difference between trusted and non-trusted shipment and order confirmation emails.

10. The '261, '239 and '414 Patents have a priority dates relating back to 2003 and address systems and methods for retailers and their associated customers to avoid "phishing" scams. The innovations allow confidential customer supplied information to be used within the retailer's communications to verify authenticity.

11. Providing customer verifiable information within shipment and order confirmations helps to stop or at least reduce fraud associated with the illegal mimicking of order and shipment confirmation emails.

12. Online retailers engaging in electronic communication via order confirmations and shipment notifications needed a means to help the customers "verify" and know the difference between an authentic communication or a fake "phishing" communication (impersonating the online retailer).

13. The U.S. Patent office determined that Mr. Horstemeyer's inventions are both novel and useful and granted Mr. Horstemeyer's assignees the right to exclude others from

practicing the inventions, to recover at least a reasonable royalty for infringement of the patent, and where the infringement is willful to recover treble damages.

14. Plaintiff owns all right, title and interests in, and has standing to sue for infringement of the '261, '239 and '414 Patents.

15. The automated messaging features of Defendant's Order Confirmation and also its Shipping Confirmation online systems infringe claims of at least the '261, '239 and '414 Patents.

16. Defendant also contributes to and induces the infringement of methods and functions covered within the '261, '239 and '414 Patents.

17. Defendant uses the patented systems and methods to authenticate information sent to customers when orders are processed for shipping or when shipped.

18. A diagram of one of the exemplary embodiments of the '261, '239 and '414 Patents is below:



FIG. 3

19. Defendant includes customer information within notifications/messages to provide confidence to the notification-receiving party that the order confirmation and or shipment

notification is from Defendant (the proper authorized source) and if more information about the shipment is needed, the links may be trusted and used within the confirmation or notification.

20.     Defendant has and willfully continues its infringement of the '261 Patent in at least the following representative manner:

| Claim 11 An automated notification system, comprising: | Defendant uses an automated order confirmation and shipment ("automated notification") to send customers updated shipment information when products are picked up. |
|---|---|
| one or more transceivers designed to communicate data; one or more memories; one or more processors; and computer program code stored in the one or more memories and executed by the one or more processors, the computer program code comprising: | Defendant's automated notification systems comprises, one or more memories, one or more processors, and computer program code that is stored within one or more memories and executed by one or more processors, Defendant's computer program code comprises: |
| code that enables a first party associated with a personal communication device (PCD) to input or select authentication information for use in connection with a subsequent notification communication session involving advance notice of a delivery or pickup of a good or service at a stop location by a mobile thing (MT); | Defendant's online code allows mobile customers to input personalized authentication information to be used at a future time when products are picked up and notifications emails are sent back to the customer. |
|  | Defendant stores authentication information including, personalized credit card name, credit card billing address, last 4 digits of credit card used to authenticate the Defendant's communications about their product being picked-up and shipped is an email from Defendant. When customers need to respond and enter account or login or different credit card(s), they are safe and entering this information at Defendant. |
| code that causes storage of the authentication information; | Defendant uses code to capture and store customer authentication information when (a.) users set up |

| | |
|---|---|
| | accounts, (b.) when users modify account information or (c.) when they purchase products from the Defendant website; |
| code that monitors location or travel information in connection with the MT; | Defendant uses computer program code to monitor products when moved from inventory, packaging, labeling, fulfillment, waiting to be picked up, picked up by a carrier, when the product leaves Defendant and is in route to the customer's address; |
| code that causes initiation of the notification communication session to the PCD with the one or more transceivers, in advance of arrival of the MT at the stop location, based at least in part upon the location or travel information associated with the MT; | Defendant uses computer program code to determine and initiate notifications to mobile users (personal communication devices) using transceivers such as email and electronic data communication systems, when a shipment is designated for shipment and delivery at a customer's address, and before the shipment arrives at the delivery address. and at anytime it is considered "shipped" or "being shipped". |
| code that, during the notification communication session, provides the authentication information to the PCD that indicates to the first party that the notification communication session was initiated by an authorized source; and | Defendant's computer program code retrieves the authentication information including, last 4 digits of credit card used, type of credit card, billing address of the credit card, and others to confirm / authenticate the shipment confirmation email was initiated by Defendant (the authorized source), and<br><br>Billing<br>MasterCard<br>Ending in 4110<br>7/2019   [EDIT] |
| code that, during the notification communication session, enabling the first party to select whether or not to engage in a communication session with a second party having access to particulars of the pickup | Defendant's computer program code sends shipment confirmation emails and embeds links within the notification to allow customers to get account information, <u>edit shipment information</u>, shipment tracking information, to the website and to customer service representatives – for additional |

| | |
|---|---|
| or delivery. | information about the product(s).  |

21. Defendant has and willfully continues its infringement of the '239 Patent in at least the following representative manner:

| | |
|---|---|
| Claim 54. A computer system, comprising:<br><br>(a) a memory storing authentication information, a communication method, and a computer program;<br><br>(b) a processor that executes the computer program to: | Defendant uses an automated order confirmation and shipment ("automated notification") that includes customer authentication information to communicate updated shipment information when products are being prepared for, shipped and or in route to customer delivery addresses.<br><br>Defendant's automated notification systems comprises, one or more memories, one or more processors, and computer program code that is stored within one or more memories and executed by one or more processors to; |
| (1) permit a party to communicate with the system and provide or select the authentication information and provide or select the communication method; | Defendant allows customers to enter personalized and not publically known information when users log into their secure website area. The Defendant system collects and uses the secure authentication information such as the collective-combination of; customer payment method "credit card" or "paypal", credit card type (i.e. Mastercard, VISA, Amex, etc..) the Last 4 digits of the credit card number, and the expiration of the credit card (month/year) are all used to authenticate the Defendant's communications about their product being picked-up and shipped. During the secure communication session between the customer entering secure authentication information, an email is also provided for use by Defendant. |

| | |
|---|---|
| | Billing<br>MasterCard<br>Ending in 4110<br>7/2019   EDIT |
| (2) monitor travel data associated with a mobile thing; | Defendant uses computer program code to monitor products when moved from inventory, packaging, labeling, fulfillment, waiting to be picked up, picked up by a carrier, when the product leaves Defendant and in route to the customer's address; |
| (3) initiate a notification communication session involving a delivery or pickup task associated with the mobile thing to a personal communications device associated with the communication method, based upon the travel data; and | Defendant uses computer program code to determine and initiate notifications to mobile users (personal communication devices) using emails and electronic data communication systems, when products are designated for shipment, pulled from inventory, at fulfillment, at loading areas, picked up by couriers and in route before delivery at a customer's address, and before the shipment arrives at the delivery address. |
| (4) providing the authentication information to the personal communications device that indicates that the notification is from a source authorized by the party. | Defendant's computer program code retrieves the secure authentication information including, as the collective-combination of; customer payment method "credit card" or "paypal", credit card type (i.e. Mastercard, VISA, Amex, etc..), the Last 4 digits of the credit card number, and the expiration of the credit card (month/year) to confirm / authenticate the shipment confirmation email was initiated by Defendant (the authorized source), and sends shipment confirmation emails and embeds links within the notification to allow customers to get account information, <u>edit shipment information</u>, shipment tracking information, to the website and to customer service representatives – for additional information about the product(s).<br><br>Shipping   EDIT<br>Delray Beach, FL 33444 |

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

22. Defendant has and willfully continues its infringement of the '239 Patent in at least the following representative manner

| Claim 23. A computer-based notification system, comprising: means for monitoring travel data associated with a mobile thing; | Defendant uses an automated order confirmation and shipment ("automated notification") that includes customer authentication information to communicate updated shipment information when products are being prepared for, shipped and or in route to customer deliver addresses.<br><br>Defendant uses computer program code to monitor products when moved from inventory, packaging, labeling, fulfillment, waiting to be picked up, picked up by a carrier, when the product leaves Defendant and in route to the customer's address; |
|---|---|
| means for communicating a notification communication involving a delivery or pickup task associated with the mobile thing to a personal communications device associated with a party; | Defendant uses computer program code to monitor products when moved from inventory, packaging, labeling, fulfillment, waiting to be picked up, picked up by a carrier, when the product leaves Defendant and in route to the customer's address; |
| means for providing authentication information with the notification communication, the authentication information comprising at least a link to the Internet; and means for enabling the party to select the link to communicate over the Internet to verify the authenticity of the notification communication and/or of the authentication information. | Defendant allows customers to enter personalized and not publically known information when users log into their secure website area. The Defendant system collects and uses the secure authentication information such as the collective-combination of; customer payment method "credit card" or "paypal", credit card type (i.e. Mastercard, VISA, Amex, etc..), the Last 4 digits of the credit card number, and the expiration of the credit card (month/year) are all used to authenticate the Defendant communications about their product being picked-up and shipped. During the secure communication session between the customer entering secure authentication information, an email is also provided for use by Defendant.<br><br>Each email containing personalized authentication information has a link back to the customer account where their own computer automatically logs in (via stored computer cookie, and or automated secure determining encrypted software) |

| | |
|---|---|
| | when they reply to the link provided within the email. The customer verifies the original email was from the authentic and trusted source by also allowing their computer to automatically link into the Defendant customer account.<br><br> |
| Claim 28. The system of claim 23, wherein the authentication information further comprises at least one of the following: a symbol, a **text** or **numeric code**, a sound, music, a distinctive ring, or an image of a signature. | Defendant's computer program code retrieves the secure authentication information including, as the collective-combination of; customer payment method "credit card" or "paypal", credit card type (i.e. Mastercard, VISA, Amex, etc.) the Last 4 digits of the credit card number, and the expiration of the credit card (month/year) to confirm / authenticate the shipment confirmation email was initiated by Defendant (the authorized source), and sends shipment confirmation emails and embeds links within the notification to allow customers to get account information, <u>edit shipment information</u>, shipment tracking information, to the website and to customer service representatives – for additional information about the product(s).<br><br> |
| Claim 29. The system of claim 23, wherein the authentication information is defined by the computer-based notification system and is made known to the party. | Defendant's computer program code retrieves only select parts of the customer's entered secure information including, only customer payment method "credit card" or "paypal", only part of the digits of the credit card number, but not the pin / or 3 to 4 digit code on the back of credit cards that was also provided to Defendant but not used and chosen / defined by the computer based |

|  | notification system automatically.  |
|---|---|

23. Defendant's automated notification system is not a staple article or commodity of commerce suitable for substantial noninfringing use.

24. All conditions precedent to bringing the action have occurred or have been waived.

**COUNT I - <u>INFRINGEMENT OF THE '261 PATENT</u>**

25. Plaintiff realleges paragraphs 1-24, as fully and completely as if set forth verbatim herein.

26. Defendant has infringed at least one claim of the '261 Patent by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

27. Defendant's activities alleged in this Count have been without license permission or authorization from Plaintiff.

28. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm of Plaintiff.

**WHEREFORE,** Plaintiff demands judgment, prays for relief against Defendant, and respectfully requests that the Court:

A. enter a finding of infringement against Defendant under '261 Patent;

B. award in favor of Plaintiff and against Defendant as Plaintiff may have suffered, but in to event less than a reasonably royalty pursuant to 35 U.S.C. § 284;

C. award in favor of Plaintiff and against Defendant an enhancement of damages;

D.	find that this is an exceptional case;

E.	enter an injunction preliminarily and permanently enjoining infringement;

F.	award Plaintiff its attorneys' fees against Defendant under 35 U.S.C. § 285;

G.	award Plaintiff its costs against Defendant; and,

H.	award in favor of Plaintiff and against Defendant such other further relief as is just, fair or equitable.

## COUNT II - INFRINGEMENT OF THE '239 PATENT

29.	Plaintiff realleges paragraphs 1-24, as fully and completely as if set forth verbatim herein.

30.	Defendant has infringed at least one claim of the '239 Patent by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

31.	Defendant's activities alleged in this Count have been without license permission or authorization from Plaintiff.

32.	The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm of Plaintiff.

**WHEREFORE,** Plaintiff demands judgment, prays for relief against Defendant, and respectfully requests that the Court:

A.	enter a finding of infringement against Defendant under '239 Patent;

B.	award in favor of Plaintiff and against Defendant as Plaintiff may have suffered, but in to event less than a reasonably royalty pursuant to 35 U.S.C. § 284;

C.	award in favor of Plaintiff and against Defendant an enhancement of damages;

D.	find that this is an exceptional case;

E.	enter an injunction preliminarily and permanently enjoining infringement;

  F. award Plaintiff its attorneys' fees against Defendant under 35 U.S.C. § 285;

  G. award Plaintiff its costs against Defendant; and,

  H. award in favor of Plaintiff and against Defendant such other further relief as is just, fair or equitable.

## COUNT III - <u>INFRINGEMENT OF THE '414 PATENT</u>

  33. Plaintiff realleges paragraphs 1-24, as fully and completely as if set forth verbatim herein.

  34. Defendant has infringed at least one claim of the '414 Patent by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

  35. Defendant's activities alleged in this Count have been without license permission or authorization from Plaintiff.

  36. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm of Plaintiff.

  **WHEREFORE,** Plaintiff demands judgment, prays for relief against Defendant, and respectfully requests that the Court:

  A. enter a finding of infringement against Defendant under '414 Patent;

  B. award in favor of Plaintiff and against Defendant as Plaintiff may have suffered, but in to event less than a reasonably royalty pursuant to 35 U.S.C. § 284;

  C. award in favor of Plaintiff and against Defendant an enhancement of damages;

  D. find that this is an exceptional case;

  E. enter an injunction preliminarily and permanently enjoining infringement;

  F. award Plaintiff its attorneys' fees against Defendant under 35 U.S.C. § 285;

  G. award Plaintiff its costs against Defendant; and,

H. award in favor of Plaintiff and against Defendant such other further relief as is just, fair or equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

DATED: August 19, 2016

Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160
Boca Raton, Florida 33431
Telephone: 561-361-6566
Facsimile: 561-361-6466

By: s/Peter A. Koziol
Peter A. Koziol (FBN 030446)
pak@assoulineberlowe.com
Eric N. Assouline, Esq. (FBN 106143)
ena@assoulineberlowe.com
Greg M. Popowitz (FBN 070313)
gmp@assoulineberlowe.com

**Attorneys for Plaintiff,
Electronic Communication Technologies, LLC**